THOMPSON MARION ET AL *v.* ALFRED DUNCAN'S ADMR.

**Principal and Surety—Discharge of Surety by Acts of Obligee in Bond.**
  The sureties in a bond are held discharged, where the obligee interferes with a sale of the obligor's lands, and thereby preventing the property from bringing its real value.

APPEAL FROM ALLEN CIRCUIT COURT.

February 21, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

This appeal is prosecuted for reversing a judgment against the appellants for $1,511.91 rendered on a bond, alleged to have been executed by them as sureties of S. B. Fallis, under an order of the Allen circuit court, in three consolidated suits; the bond being required in consequence of the nature of the defense, according to section 11 of the Civil Code.

Waiving the consideration of several irregularities, for which the correctness of the judgment is questioned, the only question which it is necessary to determine is, whether the appellants were not exonerated from liability on the bond by the acts of the obligee, R. F. Pulliam, in the management of the judgment and

proceedings thereunder against Fallis, which the bond was intended to secure.

From the vague and imperfect exhibition of the record of the original suits, there is much difficulty in determining the true state of those proceedings, and whether they affected the liability of Fallis' property to sale under execution, as assumed by the court below.

But it sufficiently appears that an execution was issued and levied on five separate tracts of land, besides personal property of Fallis; and after an ineffectual sale of the land, now not important except as conducing to show its value, the execution with the levy endorsed and unreleased, was returned to the clerk's office, and Pulliam then being the clerk, the sheriff who made the levy requested him to issue a *venditioni exponas* under which he could proceed to sell the land, but Pulliam not only refused to do so, but executed a written release of the levy, as appears, without the knowledge or consent of the appellants, and afterwards caused a sale of the land to be made under a second execution, which was set aside, and the land was finally sold by a commissioner under a supplemental judgment at apparently reduced, if not wholly inadequate prices.

It does not appear, as supposed by the court below, that the levy was invalid because the land was in litigation between the same parties. It does vaguely appear that the plaintiff had a lien on one of the five tracts of land only, for the debts in controversy, but no sufficient reason is shown why the plaintiff might not have earned his right to enforce that lien in equity, and have that tract sold under the levy which he had caused to be made; and be this as it may, no reason appears for releasing the levy on the other four tracts of land.

When the levy was made, the security it gave inured to the benefit of the appellees, and operated partially to indemnify them, and the interference of the plaintiff in releasing the levy and preventing the sale, which the sheriff was about proceeding to make, was legally, and we think, substantially prejudicial to the rights of the appellants, indeed it seems from the evidence most probable that if the plaintiff had not prevented the sheriff from proceeding to enforce the levy, the land would then have brought prices which would have satisfied the execution, and discharged the appellants from responsibility on their bond.

We are, therefore, satisfied that according to well settled principles governing the liabilities of sureties, the appellants were released.

Wherefore, the judgment is reversed, and the cause remanded, with directions to dismiss the action as to the appellants, Marion and Mitchell.

*Leslie, Barnett, Edwards, for appellants.*

*Rodman, Gatewood, for appellee.*

